The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez, oyez, oyez, all persons having any manner or form of business before the Honorable. The United States Court of Appeals for the Fourth Circuit are admonished to draw nigh and give their attention for the Court is now sitting, God save the United States and this Honorable Court. Please be seated please. Good morning and welcome to the Fourth Circuit. We have Judge Diaz, Judge Richardson and myself and we're ready to hear the first case which is United States v. Hawley. We'll hear from the appellants. Thank you, Your Honor. Good morning. Good morning and may it please the Court. Jackie DeLauro for Justin Hawley. The background commentary to 4A1.2 instructs sentencing courts to score uncounseled misdemeanor sentences where imprisonment was not imposed. That language is best read to exclude uncounseled misdemeanor sentences where imprisonment was imposed. And that's so because this gives effect to all of the language the Commission used without creating surplusage and it also honors the Expressio Uneas Canon. This interpretation was adopted by the Second Circuit in the United States against Ortega and for good reason. It makes good sense. Well, the language in that case may have been broad enough to support your position, but the facts in Ortega really don't mesh well with that broad statement that the Second Circuit made. So I don't know that that case is directly on point. Respectfully, I disagree, Your Honor, because the Second Circuit was considering a situation where the defendant, Mr. Mancinas, had requested and been denied counsel, but it expressly disclaimed reliance on that fact in considering the guidelines question. It acknowledged that the constitutional question was tough, but turned instead to the guideline question. And that is a situation that recurs in the cases cited by the government. What is it about a defendant who intentionally decides to give up his right to counsel that suggests that that case should be treated just the same as someone who, through no fault of his own, is denied counsel for purposes of scoring these convictions? Because, Your Honor, the criminal history scoring attempts to estimate the seriousness of a person's prior criminal history by reference to the length of the sentences imposed. And there are situations when that's an unreliable proxy. And situations like this one, where a person receives the rare term of imprisonment for a misdemeanor without the advice, assistance, and advocacy of counsel. But he made a conscious choice not to receive that advice. We did not challenge the validity of the waiver, Your Honor, but he does have a low average intelligence. He has the reading level of the fifth grader. And in any event, the fact that imprisonment was imposed is very rare. And even if someone knowingly and voluntarily gives up their right to counsel, there is still the situation where the judge is not presented with arguments on the person's behalf. And a lawyer could have presented arguments in mitigation, also could have argued for a sentence of even one day less, which would not have scored under the guidelines. If Mr. Hawley had received 29 days of imprisonment instead of 30, he would not have received a point. And his lawyer could have advocated either for a shorter sentence or for a hybrid sentence that included a shorter term of imprisonment and community service and a fine, for example. I guess in one sense you're speculating a good bit, aren't you, by suggesting all these possibilities? I think it's not at all unusual for the guidelines to decline to score convictions or sentences that are constitutionally obtained. For example, in 4A1.2E, sentences that are imposed more than 10 or 15 years ago, sentences that are imposed as a juvenile, there's not necessarily anything constitutionally suspect about those sentences. But the commission has made a policy judgment as they're tasked with that those older sentences or those sentences imposed as a juvenile are just not reliable proxies for the seriousness of someone's... But you are in agreement that the prior convictions are constitutionally valid. We do not contest the constitutional validity of the prior sentence, Your Honor. Tell me, why should constitutionally valid convictions that result in incarceration, presumably for worse offenses, not count when minor offenses that result in no incarceration do count? Explain that to me. How are you going to go there? I think the language that the commission is relying on is whether it's counseled or uncounseled. It's pretty close to an absurdity, isn't it, to believe that something that's worse doesn't count, but the minor one does count. I don't think so, Your Honor, because in the absence of a lawyer, that reliability is missing. And if the district court believes that some injustice is created... Justice Diaz indicated that lawyer was waived. He was, Your Honor, and we don't contest the constitutional validity. But we believe that it's a situation like these old sentences or juvenile sentences where the length of the sentence is not connected necessarily to the seriousness of the offense. So a defendant who doesn't want it to be counted, wants to think that far ahead, simply waive a lawyer, better off without a lawyer than with one, right? I don't think so, Your Honor, because if a district court believes that there's an under-representation of a person's juvenile history score, he or she could certainly take that into account under 3553A or use it as a basis for an upward departure under 4A1.3 for an adequacy of criminal history category. This would not be the first time that a guidelines application of the language results in some situations where anomalies are created. But those can adequately be accounted for in 3553A and 4A1.3. Some other courts have looked at this issue, have they not? They have, Your Honor. How does that cut out for you? I think United States v. Ortega is our best case from the Second Circuit, and I think that the cases cited by the government largely conflate the constitutional analysis with the guidelines analysis. And my colleague cited the proposed amendment, the proposed language of this amendment that we're all talking about today, and that used constitutional language. And so ostensibly, if the commission had intended to include all constitutionally obtained misdemeanor sentences, it would have said so. Why don't we look at 4A1.2C, and that does expressly include misdemeanors. This is where you get the 30-day limitation. It's expressly included, not in the background portion, but in the actual provision, right? In the ordinary case, yes, Your Honor. In the ordinary case. Yes. And you also agree that if, I understand you're not challenging it here, but if you had a case where a defendant challenged under Curtis and our decision in Hondo the constitutionality of that prior conviction, that that's a challenge that's available even on a collateral attack in a sentencing provision. Yes, that's right. Right. So you're only talking about, the example you're only talking about is uncounseled in the sense that it is plainly constitutional. It's included in the, you know, broad instructions here in 4A1.2C, but you want us to exclude it based on the sort of negative implication of the background commentary. Yes, Your Honor, but I do believe that 4A1.2C is a powerful signal that the commission recognized that a 30-day sentence for failing to wear a seatbelt and giving the wrong name to an officer is an extraordinary thing. Which he got here. I'm sorry? Which he received here. That's correct, Your Honor, and I think it is, as the defense lawyer in the district court mentioned, that kind of sentence raises an eyebrow. It's not to say that there's necessarily something wrong with it, but it is a very long sentence for that kind of an offense, which the commission recognized by generally excluding sentences for that type of offense, but including only those that are for terms of imprisonment of 30 days or more, or more than one year of probation. Your Honors, if there are no further questions, we would rest on our briefs. I also wanted to mention that upon research in preparation for oral argument, we would withdraw our Barlow argument. Thank you very much. You have a few minutes left. We'll hear from you. Good morning. May it please the court. Christine Fritz on behalf of the United States, asking you to affirm the judgment of the district court. You've heard the questions from the court. Do you have anything to add to what we've been saying? No, I think you've pretty much covered all my main points. We're not covering them. We're just making sure you have something to add. Don't give us what we already know and what we've already talked about. I would very briefly like to add that I would suggest that this wasn't an unusual or extraordinary sentence. If you look at the defendant's criminal history, this was committed while he was on probation for multiple different felonies in the state court. And the 30-day sentence actually was ordered to be run concurrent with much longer sentences that he already received. Would that matter? I mean, so does your argument turn in any sense on whether we find that the prior sentence was unusual or high for some reason? No, no, it wouldn't. I just wanted to point that out. And I also wanted to briefly point out that at the time the Sentencing Commission adopted this amendment in 1990, there was a lack of clarity about whether and to what extent uncounseled misdemeanor convictions that didn't receive imprisonment were to be counted. Under Baldessar, there was a fractured plurality Supreme Court opinion, and I would suggest that this commentary was specifically enacted to make the in light of this uncertainty that uncounseled misdemeanor convictions where the right to counsel had not attached are to be counted. Beyond that, we would rest on our briefs. Thank you very much. My colleagues have questions. Thank you. You have a few minutes if you'd like to use them. I would just note that in Argersinger v. Hamlin, the Supreme Court recognized the critical nature of counsel even in misdemeanor proceedings, citing the, quote, obsession for speedy dispositions regardless of the fairness of the result. And in cases like this one, we would urge the court to require the district court to look specifically and with due attention to these kinds of uncounseled misdemeanor sentences that result in the rare term of imprisonment and account for them in 3553A or 4A1.3 rather than in 4A1.2 to give effect to the background commentary enacted by the commission. Thank you. Thank you both for your fine arguments. The court will come down and bring counsel and move to our second case.
judges: James A. Wynn Jr., Albert Diaz, Julius N. Richardson